UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROGER LARA, *pro se,*                                 :
                                                      :
                        Petitioner,   :
                                                      :        **SUMMARY ORDER**
                        -against-     :        08-CV-00860 (DLI)
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                        Respondent.   :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 17, 2007, Roger Lara pled guilty to conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 963 and was sentenced to 71 months imprisonment to be followed by three years of supervised release. *See United States v. Roger Lara*, 06-CR-15 (DLI). The Judgment and Commitment order was filed January 22, 2007. *Id.*

Lara commenced the instant *pro se* action by submitting a letter to the court alleging that he was under duress when he entered his guilty plea. (*See* Letter, Docket Entry No. 1.) The letter bears a hand-written date of February 4, 2008. It was post-marked February 12, 2008 and filed with the court on February 22, 2008. On the date of filing, the Clerk's office prepared a civil coversheet and characterized the letter as a motion to vacate, set aside or correct a sentence filed pursuant to 28 U.S.C. § 2255. On February 25, 2008, Lara filed a second letter with the court wherein he requested "an extension of time to file a writ of habeas corpus . . . ." (*See* Letter, Docket Entry No. 2.) Shortly thereafter, this court issued an Order to Show Cause, directing the government to respond. The government responded contending that: (i) the letters filed on February 22, 2008 and February 25, 2008 fail to state a claim under 28 U.S.C. § 2255 as they are merely requests for an extension of time to file a proper habeas petition, and (ii) even if

1

these letters are construed as a petition for a writ of habeas corpus, they are time-barred as they were filed after the one-year statute of limitations expired. (*See* Gov't Resp., Docket Entry No. 5.)

The court first addresses whether the letter can be construed as a habeas petition. In the letter filed on February 22, 2008, Lara alleges that he pled guilty under duress due to pressure from his attorney. It is possible to construe the letter as raising a claim of ineffective assistance of counsel. Although both of the letters request an extension of time, the court finds there is sufficient information in the initial letter to state a claim under § 2255. The submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prison*, 470 F.3d 471, 474 (2d Cir. 2006).

The real issue is whether Lara wants the court to characterize the original letter as a petition under § 2255. When a district court characterizes a submission as a first petition for a writ of habeas corpus, it "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that a § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *See Castro v. United States*, 540 U.S. 375, 383 (2003); *see also Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam). If Lara's initial filing is characterized as a § 2255 petition, he may be precluded from filing a successive petition because February 4, 2008 was the last day any such petition would have been timely.[1] However, if Lara declines the court's suggestion to

---

[1] Judgment was entered on January 22, 2007, and Lara's conviction became final on February 5, 2007, ten days after the period to file a notice of appeal expired. *See Wims v. United States*, 225 F. 3d 186, 188 (2d Cir. 2000). Therefore, the one-year statute of limitations expired on February 4, 2008, the very day Lara dated his letter.

characterize the letter as a petition, it is uncertain that he will be able to file a petition in the future.

Finally, the court addresses the government's timeliness contention. The Court notes that the first letter was post-marked on February 12, 2008, and filed on February 22, 2008, well after the February 4 deadline. However, under the prisoner mailbox rule, a *pro se* petition for habeas relief "is considered to have been filed as of the date it was given to prison officials for forwarding to the court clerk." *Noble v. Kelly*, 246 F. 3d 93, 97 (2d Cir. 2001) (per curiam) (citing *Adeline v. Stinson*, 206 F. 3d 249, 251 n.1 (2d Cir. 2000) (per curiam)). It is unclear whether the date written on the letter—February 4, 2008—is the date Lara submitted it to prison officials; however, the court will deem it as filed on February 4 unless the government is able to provide evidence that the letter was submitted to prison officials after February 4, 2008.

The court advises Lara that his letter dated February 4 and filed on February 22, 2008 can serve as a petition for a writ of habeas corpus. Lara now has the opportunity to withdraw this motion or to elect to treat it as a petition and to amend it to contain any § 2255 claims he may have. If Lara elects to use the letter as a petition, he may give up the right to file successive petitions. Petitioner must advise the court, in writing within thirty (30) days of the date of this Order, *i.e.,* on or before April 13, 2009, as to whether he withdraws his motion or wants to amend it as a petition for a writ of habeas corpus, and, if he fails to do so within the time allotted, this matter will be dismissed.

SO ORDERED

DATED:   Brooklyn, New York
         March 13, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge